## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-131** |
| **JACOBI BOYD** | **SECTION D (5)** |

### <u>ORDER</u>

Defendant Jacobi Boyd moves for compassionate release.[1]  The Government opposes the Motion.[2]  Boyd has also filed a Supplemental Letter with the Court.[3] After careful consideration of the Motion, the Government's Opposition, Boyd's Supplemental Letter, the record, and the applicable law, the Court denies the Motion.

On January 21, 2015, Jacobi Boyd pleaded guilty to conspiracy to possess with intent to distribute at least twenty-eight grams of cocaine and conspiracy to possess and use firearms in furtherance of his drug trafficking activities.[4] Boyd was sentenced to 480 months' imprisonment.[5]  Boyd is incarcerated at Jesup FCI and his expected release date is July 15, 2035.[6]

Boyd now moves for compassionate release.[7]  Boyd acknowledges he has failed to exhaust his administrative remedies.  The thrust of Boyd's Motion is that various

---

[1] R. Doc. 962.
[2] R. Doc. 964.
[3] R. Doc. 965 (sealed).
[4] R. Doc. 175 (Plea Agreement); R. Doc. 183 (Minute Entry).
[5] R. Doc. 405 at 2.
[6] The Court relies on *Inmate Locator*, *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited Dec. 29, 2020) although Petitioner indicates a release date of 2038 in his Petition.
[7] R. Doc. 964.

Assistant United States Attorneys would speak highly of him, and, further, he is truly remorseful and "wants to help the youth make better decisions."[8]  He also notes that he has high blood pressure.  The Government opposes Boyd's Motion, arguing that he has admittedly failed to exhaust his administrative remedies and his Motion otherwise does not demonstrate any "extraordinary and compelling reasons" meriting his release.[9]

The Court does not find compassionate release appropriate in these circumstances.  First, Defendant has not exhausted his administrative remedies with the BOP, which is statutorily required for compassionate release.  The Compassionate Release statute statues:

> The Court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier . . . .

Every federal appeals court that has considered this matter to date has held that a defendant must exhaust his or her administrative remedies with the BOP before a court may consider a motion for compassionate release.[10]  Specifically, the Fifth Circuit has held that the exhaustion requirement is mandatory and that a prisoner

---

[8] R. Doc. 962.

[9] R. Doc. 964.

[10] *See United States v. Springer*, No. 20-5000, 2020 WL 3989451, at *3-4 (10th Cir. July 15, 2020) (holding that a defendant is required to request that the BOP file a compassionate release motion no his or her behalf to initiate his administrative remedies); *United States v. Alan*, 960 F.3d 831 (6th Cir. 2020) (holding that exhaustion of administrative remedies under the compassionate release statute is a mandatory claim-processing rule); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (holding that failure to exhaust "presents a glaring roadblock foreclosing compassionate release").

must first file a request with the BOP before petitioning a court for compassionate release.[11]   Here, Boyd explicitly acknowledges that he has not satisfied his administrative remedies.[12]  This presents a "glaring roadblock" to Defendant's motion which prevents the Court from ordering compassionate release.[13]

Moreover, Defendant has failed to present any "extraordinary or compelling reason" warranting a reduction.  Under the Compassionate Release statute, the Court may only reduce a Defendant's sentence when it finds that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[14] The application notes to the relevant policy statement identify three "extraordinary and compelling reasons" that could possibly warrant a reduction: a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge—starting at age 65; and (c) "[f]amily [c]ircumstances."[15]  The Guidelines also identify a category of "[o]ther [r]easons," but note that those reasons are "[a]s determined by the Director of the Bureau of Prisons."[16]

Here, the thrust of Defendant's motion is that he is remorseful for his crimes and will live as a changed man upon release.  Although commendable, and the Court

---

[11] *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).
[12] R. Doc. 962 at 3 (Compassionate Release Motion noting that no request for release was submitted to the warden because Boyd "didn't think that [he] had met the requirements.").
[13] *Raia*, 954 F.3d at 597.
[14] 18 U.S.C. § 3582(c)(1)(A)(i).
[15] *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed).
[16] *See id.* § 1B1.13, application note 1(D) (emphasis removed).

has no reason to believe Defendant is not sincere in his intent, this is not a basis for Compassionate Release.[17]   In fact, the Court encourages Defendant to continue in those efforts.  Defendant does make a passing reference to one medical condition: high blood pressure.  But Defendant offers nothing to suggest that his high-blood pressure rises to the level of a "terminal illness" or one which "substantially diminishes the ability of the defendant to provide self-care" within the prison.[18]  Courts have rejected the idea that high blood pressure, even when compounded with fear of COVID-19 infection, is an appropriate reason for release.[19]   The Court therefore finds that Defendant has failed to demonstrate an "extraordinary and compelling reason" for reduction in his sentence, and thus the Court must deny his Motion for Compassionate Release.

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release is **DENIED**.

New Orleans, Louisiana, December 31, 2020.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[17] *See* 28 U.S.C. § 994(t) (statute directing the sentencing commission to create guidelines related to compassionate release and specifically stating that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").
[18] U.S.S.G. § 1B1.13, application note 1.
[19] *See United States v. Wilfred*, No. 07-351, 2020 WL 4365531, at *4 (E.D. La. July 30, 2020) (collecting cases).